## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **PERNELLIA DUNBAR & SHAWN DUNBAR** | * * * | **CIVIL ACTION NO.:** |
| **V.** | * * | **JUDGE:** |
| **SERGIO LOZANO, GONZALEZ, TRANSPORT, LLC & UNITED WISCONSIN INSURANCE COMPANY** | * * * * | **MAGISTRATE:** |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA:

Defendant, UNITED WISCONSIN INSURANCE COMPANY (hereinafter UNITED), respectfully states as follows:

1.  UNITED desires to exercise its rights under the provisions of Title 28 U.S.C. §§ 1332 and 1441, et seq., to remove this action from the Sixteenth Judicial District Court for the Parish of St. Martin State of Louisiana, in which said cause is now pending under the name and style "*Pernellia Dunbar and Shawn Dunbar v. Sergio Lozano, Gonzalez Transport, LLC and United Wisconsin Insurance*" Docket No. 91642-A.

2.  Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Louisiana is the district and division within which the above-described

state court action is pending and, as a result, venue is proper in this Court for removal of the Plaintiff's action under 28 U.S.C. §§ 1332 and 1441.

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 and 1446 because all of the Plaintiffs and *properly joined* defendants who are real parties in interest, are citizens of different states, and the amount in controversy satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

4.   On May 10, 2022, Plaintiffs, Pernellia Dunbar and Shawn Dunbar, filed an action captioned "*Pernellia Dunbar and Shawn Dunbar v. Sergio Lozano, Gonzalez Transport, LLC, and United Wisconsin Insurance*" Docket No. 91642-A, in the Sixteenth Judicial District Court for the Parish of St. Martin, State of Louisiana. (Exhibit "A," Plaintiff's Petition for Damages)

5.   The Petition was served on UNITED through its registered agent for service of process in Louisiana, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, on May 23, 2022.

6.   The State Court does not reflect completed service of process upon the other remaining defendants, Sergio Lozano or Gonzalez Transport, LLC.

7.   No Answers or responsive pleadings to the Petition for Damages have yet been filed by any defendant.

8.   This Notice of Removal is filed timely under 28 U.S.C. Section 1446(b).

9.   Per the United States Supreme Court interpreting 28 U.S.C. § 1441(a) in *Grupo Dataflux v. Atlas Global Group, LP,* 124 S.Ct. 1920, 1924-25 (2004), complete diversity of citizenship must exist at the time of removal.

10.    As alleged in the Petition, the Plaintiffs indicate they are domiciled in Ascension Parish in the State of Louisiana.  Plaintiffs are citizens of Louisiana.

11.    Under federal law, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332 (c)(1).

12.    Defendant, UNITED, is a business corporation domiciled and incorporated in the state of Wisconsin, with its principal place of business located in New Berlin, Wisconsin.  UNITED's citizenship is in Wisconsin.

13.    Defendant, Gonzalez Transport, LLC, is alleged in the Petition to be a foreign company licensed and doing business in the State of Louisiana and no member is domiciled or a citizen of Louisiana.

14.    Defendant, Sergio Lozano, is alleged in the Petition to be an individual of the age of majority domiciled in the city of Harlingen, Texas.

19.    In sum, the Defendants are citizens of Wisconsin and Texas.  By contrast, the Plaintiffs are alleged in the Petition to be citizens of Ascension Parish in the State of Louisiana.  Thus, complete diversity of citizenship exists between plaintiff and the defendants.[1]

20.    Additionally, the injuries alleged make it apparent that the amount in controversy exceeds $75,000, as required for federal diversity jurisdiction to exist.[2]  In Louisiana, procedural rules do not permit or require plaintiffs to plead a specific amount of money damages in the petition.  Under such circumstances, the Fifth Circuit Court of Appeals requires the removing defendant to prove by a

---

[1] *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806).
[2] 28 U.S.C. § 1332(a).

preponderance of the evidence that the amount in controversy exceeds $75,000.[3] This burden is satisfied by the defendant if (1) it is facially apparent that the plaintiff's claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth facts in controversy that support a finding that the requisite amount is at issue.[4]  When it is facially apparent that plaintiff's claims exceed the jurisdictional amount, the amount in controversy requirement is met.[5]  When the "facially apparent" test is not met, the Court may consider evidence outside the allegations of the Petition and even outside the Removal notice—including summary judgment-type evidence—relevant to the amount in controversy as of the time of removal.[6]

21.    A defendant seeking to prove that the amount-in-controversy requirement has been satisfied is not expected to prove the amount the plaintiff *likely* will recover, but rather the amount the plaintiff *seeks* to recover.[7]

22.    Pursuant to La. C.C.P. art. 893(A)(1), when a claim is for less than the requisite amount for the exercise of federal jurisdiction, the plaintiff is required to so allege in the petition.[8]  La. C.C.P. art. 893(A)(1) states:

> A.(1)  No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that **if a specific amount of damages is necessary to establish the jurisdiction of the**

---

[3] *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Circ. 1995).
[4] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).
[5] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[6] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).
[7] See *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864,876 (5th Cir. 2002) (holding that potential avenues of recovery must be included in the amount in controversy).
[8] La. C.C.P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.

      **court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.**  By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.[9]

23.    Defendant maintains that it is <u>facially apparent</u> that the Plaintiffs claim an amount in controversy in excess of $75,000, exclusive of interest and costs.  On the face of the Petition, Plaintiffs claim to have incurred "Permanent bodily injury."[10]  The Plaintiffs allege that they incurred and seeks the reimbursement for the following injuries:

      "Past medical specials and future medical specials;

      Permanent bodily injury, inconvenience, humiliation, mental anguish and distress; lost wages and future earning capacity; fear and fright." [11]

24.    The Plaintiff's Petition also fails to include an allegation asserting that their claims are for <u>less</u> than the requisite amount for diversity jurisdiction, as required by La. C.C.P. Art. 893(A)(l).[12]  This creates a "strong presumption" in favor of federal court jurisdiction.[13]

---

[9] Emphasis added.
[10] See Plaintiff's Petition for Damages, par. 5.
[11] See Plaintiff's Petition for Damages, par. 5.
[12] See Plaintiff's Petition for Damages, Exhibit A to Defendant's Notice for Removal; See also, Defendant's Notice for Removal (Rec. Doc. 1.)
[13] See *St. Paul Mercy Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). See also, *Haydel v. State Farm Mutual Automobile Insurance Co.*, 2008 WL 2781472 (M.D. La. 2008) ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to some consideration in making the jurisdictional amount determination"); and *Machinery Pavers Sales, Inc. v. Bomag Americas, Inc.*, 2007 WL 2900489 (M.D. La. 2007) ("plaintiff did not include any allegation in its petition . . . that its damages were less than the requisite amount to assert federal jurisdiction. While not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.")

- 5 -

25.   These omissions, coupled with the evidence discussed below and the lack of a binding stipulation that the claims at issue are for less $75,000, all support a finding that the requisite amount in controversy is satisfied.

26.   Nevertheless, even if the Court determines that it is not *facially apparent* that the amount in controversy exceeds $75,000, it is clear based on additional evidence that the amount in controversy exceeds $75,000.

27.   In addition to considering the potential special damages, this Court may consider general damage awards in comparable cases in determining whether the amount in controversy meets the jurisdictional threshold requirement.[14]   In this case, a review of Louisiana jurisprudence clearly indicates that general damage verdicts in cases with similar allegations exceed $75,000.   For example, in the case of *Birdsall v. Regional Elec. & Const. Inc., 970712 (La. App. 1 Cir. 4/8/98); 710 So. 2d 1164*, the plaintiff who underwent spine surgery and residual pain was awarded $150,000 in general damages for pain and suffering after the accident.

In *Littleton v. Walmart Stores, Inc., 99-390 (La. App. 3 Cir. 12/1/99); 747 So. 2d 701*, another plaintiff who underwent cervical fusion surgery was awarded $150,000 in general damages.

In *Jackson v. CSX Transp., Inc., 97-0109 (La. App. 4 Cir. 12/23/97); 712 So. 2d 514, another plaintiff who underwent back surgery was awarded $125,000 in general damages.*

In *Prestenback v. Schwegman Giant Super.*, 96-793 (La. App. 5 Cir. 1/28/97); 688 So. 2d 149, the plaintiff, who four months prior underwent a cervical surgery due to a previous accident was involved in a subsequent accident

---

[14] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

much like the plaintiffs here and was awarded $125,000 for the cervical surgery that was needed as a result of a new accident.

28. Defendant certainly continues to deny any and all liability to Plaintiffs or damages claimed, and Defendant is certainly not suggesting that any of these damage awards would be appropriate or merited in this case.  Defendant simply points out that general damage verdicts in excess of $75,000 for back/neck injuries similar to those allegedly suffered by Mr. Dunbar, which may require surgical repair similar to the procedures needed in the above referenced matters, and are well within the range of general damage awards rendered by courts in this area for similar injuries. There are also Mrs. Dunbar's consortium claims to take into account when determining the amount-in-controversy.

29. In view of the foregoing facts in controversy and based on the application of Louisiana law as to the potential value of Plaintiffs' asserted claims, this Court has original jurisdiction, and this matter is properly removed because the jurisdictional amount set forth in 28 U.S.C. § 1332 is satisfied as it is facially apparent that the amount in controversy as to any one of the Plaintiffs' claims exceed $75,000, exclusive of interest and costs.  Accordingly, while denying any liability to the Plaintiffs, UNITED shows that Plaintiffs have asserted claims wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Based on the above, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

32. In view of the foregoing, this action may be removed to this Court pursuant to 28 U.S.C. Section 1441(a), as there is complete diversity of citizenship between the

parties and the judgment value of the damages sought by Plaintiffs is in excess of the federal jurisdictional limit under 28 U.S.C. § 1332.

33.    The rule of unanimity regarding the consent to removal by all defendants applies only to properly served and joined defendants.[15] "Defendants […] who are unserved when the removal petition is filed need not join in it."[16] Thus far, UNITED is the only defendant which has been served.

35.    This Notice was filed within thirty days after receipt by UNITED of the initial pleadings and summons, which are attached as Exhibit "A".

36.    In accordance with 28 U.S.C. § 1446(d), Defendant has filed a copy of this Notice with the 16th Judicial District of St. Martin Parish, State of Louisiana, to effect this removal.

37.    Defendant files with this Notice of Removal the following:

(a)    Civil Cover Sheet;

(b)    A certified copy of the State Court Record to date (Exhibit "A," *in globo*);

(c)    An Index of Pleadings in State Court Record to date (Exhibit "B");

(d)    Attorney's Affidavit of Verification;

38.    Defendant will provide the Court with anything further that it requires pursuant to 28 U.S.C. § 1446(a) and/or 28 U.S.C. § 1447(b).

39.    In accordance with the Certificate of Service, UNITED has given notice of the filing of this Notice of Removal to the State Court and all (existing) parties, including to Plaintiffs, through their counsel of record, Travis J. Turner, Attorney, 413 Main St., Gonzales, LA 70737.

---

[15] See *Getty Oil Corp. v. Ins. Co. of N. Am.*, 847 F.2d 1254, 1261-62 (5th Cir. 1988).
[16] See *Getty Oil*, 841 F.2d at 1261, n.9 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939)).

40.     Defendant asserts a request for a Trial by Jury on all issues so triable, with formal demand of same to be made in accordance with Federal Rule 38(b) and Federal Rule 81(c)(3)(B).

41.     Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, UNITED WISCONSIN INSURANCE COMPANY respectfully requests that this Court remove this action from the Sixteenth Judicial District Court, Parish of St. Martin, State of Louisiana, to the United States District Court for the Western District of Louisiana.

**Respectfully submitted,**

**  s/ Lindsay Meador Young**
**Lindsay Meador Young (# 31261)**
**Kevin W. Fouquier, II (#39182)**

**OF COUNSEL:**

**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**3861 Ambassador Caffery Blvd.**
**Lafayette, Louisiana 70503**
**Telephone:  (337) 735-1760**
**Facsimile:   (337) 993-0933**

**Attorneys for UNITED WISCONSIN INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| PERNELLIA DUNBAR & SHAWN DUNBAR | * | CIVIL ACTION NO.: |
| | * | |
| V. | * | JUDGE: |
| | * | |
| SERGIO LOZANO, GONZALEZ, TRANSPORT, LLC & UNITED WISCONSIN INSURANCE COMPANY | * | MAGISTRATE: |
| | * | |
| | * | |

### AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

  LINDSAY MEADOR YOUNG, of lawful age and being duly sworn, declared that:

  She has been assigned to defend UNITED WISCONSIN INSURANCE COMPANY.

  She has prepared and read the foregoing Notice of Removal, and upon information and belief, avers that the contents are true and correct.

              **LINDSAY MEADOR YOUNG**

**SWORN TO AND SUBSCRIBED** before me this 17th day of June, 2022.

        **NOTARY PUBLIC**

-10-